## Loans by Warehousemen

BROWN, Deputy Attorney General, February 25, 1944.—You have inquired whether a person who does business as a storage warehouseman and who also lends money upon goods, wares, or merchandise pledged, stored, or deposited as collateral security is bound by the provisions of the Pawnbrokers License Act of April 6, 1937, P. L. 200, 63 PS §281.1.

The warehouseman in question admits that his activities come within the definition above set forth but contends that the title to the act is defective as to him because reference in the title is only to "the business of pawnbrokers" while he is a warehouseman who only incidentally happens to be lending money upon the security of pledged personal property.

His contention is that the act is unconstitutional as to warehousemen because it violates section 3 of article III of the State Constitution, which provides:

"No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

The title of the Pawnbrokers License Act of April 6, 1937, reads as follows:

"An act licensing and regulating the business of pawnbrokers; providing for the issuance of licenses by the Secretary of Banking; authorizing the Secretary of Banking to make examinations and issue regulations; limiting the interest and charges on loans; and prescribing penalties for the violation of this act."

Section 2 of the act, defining the word "pawnbroker", reads, in part, as follows:

" 'Pawnbroker' includes any person, who . . . (3) does business as a storage warehouseman and lends money upon goods, wares or merchandise pledged, stored or deposited as collateral security."

What the warehouseman in question fails to realize is that the act purports to regulate the business of persons who lend money upon the security of certain personal property irrespective of what other incidental

business they may be in. The thing regulated is the lending of money. The fact that the lender of money on the security of personal property also happens to be a warehouseman is entirely immaterial. Such a lender could be a second-hand junk dealer whose business is to buy and sell junk and used cars but who also, in fact, is a pawnbroker because he loans money on the security of second-hand junk, automobiles, etc.

Webster defines a pawnbroker as "one who loans money on the security of personal property pledged in his keep".

That is precisely the kind of business the Act of April 6, 1937, seeks to regulate. The fact that a person loaning money on such security happens, at the same time, to be engaged in another enterprise is entirely beside the point. The business regulated is the lending of money on the security of pledged personal property; all persons so engaged are subject to the provisions of the act, whatever other business they happen to be in.

The title gives full and complete notice to all engaged in the business of loaning money on the security of personal property that they are subject to the provisions of the act, and is clearly constitutional on that point.

It is our opinion and you are, therefore, accordingly advised:

1. That warehousemen who loan money upon goods, wares, or merchandise pledged, stored, or deposited as collateral with them are pawnbrokers with respect to such loan transactions and that the title to the Pawnbrokers License Act of April 6, 1937, P. L. 200, 63 PS §281.1, is not defective as to all persons engaging in such activity.

2. It follows that any such warehouseman who so loans money must become licensed under the above-mentioned act and subject himself otherwise to the regulations thereof.